# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LENELL HIBBLER,**

        Petitioner,

        -vs-                            Case No. 12-C-255

**MICHAEL BAENEN,**

        Respondent.

## DECISION AND ORDER

The respondent, Michael Baenen, moves to dismiss Lenell Hibbler's habeas petition as untimely filed. The Court agrees with the analysis set forth in Baenen's motion regarding the timeliness of the petition: the one-year limitations period started running on March 18, 2008; 325 days passed until the limitations period was tolled on February 6, 2009 when Hibbler filed a state post-conviction motion; the limitations period started running again on January 24, 2012 when the Wisconsin Supreme Court denied Hibbler's petition for review with regard to his post-conviction proceedings; at that point, Hibbler had 40 days to file his petition, but he didn't file it until March 15, 2012 – ten days too late.

In response to Baenen's motion, Hibbler argues that he is entitled to equitable tolling of the limitations period. A habeas petitioner is entitled to equitable tolling only if he shows that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2562 (2010). Hibbler argues that prison authorities denied him a legal loan that he needed to cover copying costs. Difficulty obtaining legal materials does not constitute an extraordinary circumstance which justifies

the application of equitable tolling. *See Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (petitioner's placement in segregation, during which time he had no access to the law library; limited law library access at other times; and delays in receiving mail were insufficient to justify equitable tolling). Moreover, Hibbler does not explain how he was exercising reasonable diligence while the limitations period was running. He had only forty days after he was done pursuing post-conviction relief in state court, but the reason he had only forty days is because he waited 325 days to begin the process in the first instance. *See Pace v. DeGuglielmo*, 544 U.S. 408, 419 (2005) (five-month delay between state court's ruling on post-conviction petition and filing of federal habeas petition constituted lack of diligence).

The Court will not issue a certificate of appealability because reasonable jurists would not find this ruling debatable or wrong. *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012); Rule 11(a), Rules Governing Section 2254 Cases.

The motion to dismiss [ECF No. 12] is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of February, 2013.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**