# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LENELL HIBBLER,**

        Petitioner,

    -vs-                                            Case No. 12-C-255

**MICHAEL BAENEN,**

        Respondent.

## DECISION AND ORDER

On March 1, 2013, pro se Petitioner Lenell Hibbler ("Hibbler") filed a document entitled "response to the decision and order to dismiss." In essence, Hibbler requests that the Court reconsider its February 15, 2013, determination that Hibbler is not entitled to equitable tolling of the limitations period. (ECF No. 19.) Hibbler also disagrees with the denial of a certificate of appealability.

Hibbler's "response" was filed within less than 28 days of the Court's February 15, 2013, Decision and Order, granting Respondent Michael Baenen's ("Baenen") motion to dismiss Hibbler's habeas corpus petition as untimely filed, and the February 15, 2013, amended judgment. Based on the timing and content of Hibbler's motion, the Court considers the motion under Rule 59(e) of the Federal Rules of Civil Procedure. *See Obriecht v. Raemisch,* 517 F.3d 489, 493-94 (7th Cir. 2008) (stating "whether a motion . . . should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it.") Rule 59(e) permits a court to amend a judgment only if the

movant demonstrates a manifest error of law or presents newly discovered evidence that was not previously available. *See Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996).

Hibbler requests that the Court reconsider its determination that he is not entitled to equitable tolling of the limitations period, noting that although the Court addressed his contention that prison authorities denied him a legal loan that he needed to cover copying costs, it did not address the other extraordinary circumstances that prevented him from moving in more timely manner. The circumstances Hibbler asserts are that he is legally blind and does not have a high level of education and, consequently, needs the assistance of someone who has good eyesight and additional abilities; and his inability to obtain financial assistance from family because he has no family.

Hibbler's vision problems were argued in his opposition to Baenen's motion to dismiss. (ECF No. 15.) Hibbler also stated that his filings were delayed by his need to obtain loans from his friends. Such contentions were considered by the Court in finding that Hibbler had not established a basis for equitable tolling. Hibbler has not established a manifest error of law by this Court. Hibbler's filings did not show that he was pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, __ U.S. __ , 130 S. Ct. 2549, 2562 (2010)

-2-

Case 2:12-cv-00255-RTR   Filed 05/08/13   Page 2 of 3   Document 20

Again, the Court will not issue a certificate of appealability because reasonable jurists would not find this ruling debatable or wrong. *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012); Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.

Hibbler's Rule 59(e) motion (ECF No. 19) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of May, 2013.

                                             **BY THE COURT:**

                                             _____
                                             **HON. RUDOLPH T. RANDA**
                                             **U.S. District Judge**